Nathan Schwed, Esq.
Peter Janovsky, Esq.
Robert Guttmann, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone:(212) 223-0400
Facsimile: (212) 753-0396

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Blue Gold Equities LLC, *et al.*, | Case No.: 18-_____ (____) |
| Debtors.[1] | Joint Administration Requested |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO MAINTAIN AND FILE A CONSOLIDATED CREDITOR MATRIX AND MAILING MATRIX; AND (II) AUTHORIZING THE FILING OF A CONSOLIDATED LIST OF TOP 30 UNSECURED CREDITORS (III) AUTHORIZING THE DEBTORS TO CONTINUE USE OF THEIR PREPETITION FORMS, AND (IV) EXTENDING THE DEADLINE FOR DEBTORS FILING OF THE DEBTORS' STATEMENTS AND SCHEDULES THROUGH SIXTY DAYS FROM THE PETITION DATE

Blue Gold Equities LLC, and its affiliated debtors (collectively, the "Debtors"), by and through their proposed counsel, Zeichner Ellman & Krause LLP, hereby submit this motion (the "Motion") pursuant to sections 105(a) and 521 of title 11 of the United States Code (the

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Blue Gold Equities LLC (7766), Central Avenue Market LLC (7961), Amsterdam Avenue Market LLC (7988), Wilmot Road Market LLC (8020), Seasons Express Inwood LLC (1703), Seasons Lakewood LLC (0295), Seasons Maryland LLC (1895), Seasons Clifton LLC (3331), Seasons Cleveland LLC (7367), Lawrence Supermarket LLC (8258), Upper West Side Supermarket LLC (8895) and Seasons Corporate LLC (2266) (collectively the "Debtors"). The mailing address for the Debtors, solely for purposes of notices and communications, is: 5 Doughty Boulevard, Inwood, NY 11096.

"Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1007-1 and 1007-3 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), for the entry of an order, in substantially the form attached as **Exhibit A** (the "Proposed Order"), (i) authorizing the Debtors to maintain and file a consolidated mailing matrix of creditors and other parties in interest (the "Consolidated Creditor Matrix"), (ii) authorizing the Debtors to file a consolidated list of top thirty (30) unsecured creditors (the "Consolidated Top 30 List") in lieu of filing a separate list of top twenty (20) creditors who have unsecured claims for each of the Debtors, and (iii) continued use of the Debtors' pre-petition business forms, (iv) extending the Debtors time to file their Statements and Schedules (both as defined below) through sixty (60) days after the Petition Date. In further support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over these cases, the Debtors, their estates and this Motion, under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory basis for the relief requested in the Motion are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rule 1007 and Local Rules 1007-1 and 1007-3.

5. Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to the filing of these chapter 11

cases, is set forth in detail in the *Declaration of Joel Getzler in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [D.I. __].

## BACKGROUND

6. On the date hereof (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to be in possession of their assets and to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtors' chapter 11 cases.

7. Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, which is fully incorporated in this Motion by reference.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rule 1007, and Local Rules 1007-1 and 1007-3, authorizing the Debtors to (i) maintain and file a Consolidated Creditor Matrix, (ii) file the Consolidated Top 30 list in lieu of filing a separate list of top twenty (20) creditors who have unsecured claims for each of the Debtors, (iii) continued use by the Debtors of their prepetition business forms, and (iv) extending the deadline to file the Schedules and Statements through sixty (60) days from the Petition Date, through and including November __, 2018, without prejudice to the Debtors' rights to request additional time.

## BASIS FOR RELIEF

<u>Creditors' List and Mailing Matrix</u>

9.  Section 521(a)(1)(A) of the Bankruptcy Code requires each Debtor to, among other things, file a list of creditors. 11 U.S.C. § 521(a)(1). Additionally, Bankruptcy Rule 1007(a)(1) provides, in salient part, that "the debtor shall filed with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(a)(1). Local Rule 1007-1(a) provides, in relevant part, that "in addition to the schedules, a list shall be filed which sets forth the names of all creditors in alphabetical order," including "the post office address, zip code, and the specific amount of debt, if known, owed to each listed creditor." Local Rule 1007-1(a).

10. Additionally, Local Rule 1007-3(a)(i) requires each Debtor to file "a mailing matrix which shall include, in alphabetical order, the name and last known mailing address (including zip codes) for every scheduled creditor" with the petition for relief. Moreover, if the Debtor is a corporation, Local Rule 1007-3(a)(iii) requires each corporate Debtor's mailing matrix to include:

> (1) the names and current mailing addresses of the present officers and directors and the position held by each, or if none, the immediate past officers and past directors; and (2) the name and address of any person who may be served pursuant to Bankruptcy Rule 7004(b)(3). In addition, the debtor shall file with its list of equity security holders a separate mailing matrix containing the name and last known address or place of business of each equity security holder.

Local Rule 1007-3.

11. The Debtors estimate that the total number of their creditors and other parties-in-interest are approximately 800. The Debtors maintain and update a computerized list of

creditors and parties-in-interest that would be entitled to receive notices in these chapter 11 cases in the ordinary course of the business and will be able to consolidate the information contained in the Debtors' computerized lists to provide notices and other pleadings to their creditors and other parties-in-interest as required by Local Rules 1007-1 and 1007-3. However, at this time, the Debtors do not have readily available claim amounts for the majority of the parties on such list of creditors. Therefore, the Debtors request authority to consolidate the Debtors' list of creditors and other parties-in-interest, identifying their creditors in substantially the same formats that are currently maintained by the Debtors in the ordinary course of their businesses and to omit claim amounts of creditors from such list.

12. Further, the list of top twenty (20) creditors who have unsecured claims is used primarily by the office of the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and to identify potential candidates to serve on a committee of unsecured creditors appointed under section 1102 of the Bankruptcy Code. *See In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) (stating that the purpose of the top twenty list is to facilitate the appointment of an unsecured creditors committee); Collier on Bankruptcy ¶ 1107.04 (15th ed. 1998) (stating that "the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed"). Given the affiliated nature of the Debtors, the Debtors believe that filing the Consolidated Top 30 List would facilitate the U.S. Trustee's review of creditors' claims and the appointment of a single unsecured creditors' committee in these chapter 11 cases.

13. Moreover, this Court's Guidelines for First Day Motions (the "Guidelines") provide that "[i]n cases involving multiple Debtors, if it would be impracticable for each Debtor

to file a separate list, an explanation should be set forth in the Bankruptcy Rule 1007 affidavit and a consolidated list of the holders of the thirty (30) largest unsecured claims should be filed. [The First Day Declaration explains why the Debtors are seeking to file the Consolidated Top 30 List.] Accordingly, the Debtors are in compliance with the Guidelines.

14. The entry of an order authorizing the filing of a consolidated list of the Debtors' creditors and list of top unsecured creditors in chapter 11 cases is generally non-controversial in this and other jurisdictions. *See, e.g., In re Avaya, Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Feb. 10, 2017) (authorizing debtors to file a consolidated list of top 50 creditors and a consolidated list of creditors in lieu of any mailing matrix); *In re Caritas Health Care, Inc.*, Case Nos. 09-40901 (CEC) (Bankr. E.D.N.Y. Feb. 10, 2009) (authorizing filing a consolidated list of creditors in lieu of separate mailing matrices); *In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. February 6, 2018) (same); *In re Tidewater Inc.*, Case No. 17-11132 (BLS) (Bankr. D. Del. Jun. 13, 2017) (same); *In re CST Industries Holding Inc.*, Case No. 17-11292 (BLS) (Bankr. D. Del. Jun. 13, 2017) (same); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. February 10, 2017) (same).

## BUSINESS FORMS

15. In the ordinary course of their businesses, the Debtors use a multitude of checks and other business forms (including but not limited to checks, deposit slips, letterhead, contracts, purchase orders and invoices) (collectively, the "Business Forms"). The majority of the Debtors' bank accounts are managed electronically and do not use paper forms. However, the Debtors may use limited preprinted letterhead checks and related documents (the "Preprinted Forms"). By virtue of the nature and scope of the Debtors' business operations, it is important that the Debtors be permitted to continue to use the Preprinted Forms without alteration or change and

without the "Debtor in Possession" designation. Otherwise, the estates would be required to bear a potentially significant expense which the Debtors respectfully submit is unwarranted. To the extent the Debtors' checks are preprinted, once such preprinted checks are depleted, the Debtors will then seek to replace them with forms containing the "Debtor in Possession" designation.

16. As parties that presently conduct business with the Debtors likely will be aware of the Debtors' status as debtors in possession, the alteration of the Debtors' Preprinted Forms would be unnecessary and unduly burdensome. Further, this Court has allowed debtors to use their prepetition business and check forms without the "Debtor in Possession" label in other large cases. See, See, e.g., In re Dowling College, Case No. 16-75545 (REG) [D.I. 110] (Bankr. E.D.N.Y. December 16, 2016) (authorizing debtors to use their present forms, including preprinted checks, without reference to their status as debtors in possession, provided, however, that debtors would start imprinting the legend "DIP" thereon following depletion of the Debtors' inventory of preprinted forms); In re Cenveo, Inc., Case No. 18-22178 (RDD) [D.I. 183] (Bankr. S.D.N.Y. March 8 2018) (same).

**Extension of Time to File Schedules**

17. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors would ordinarily be required the file the Schedules and Statements within fourteen (14) days after the Petition Date (the "Initial Deadline"). However, this Court has authority to grant the Debtors' requested extension under Bankruptcy Rules 1007(c) and 9006(b). Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown . . . ." FED. R. BANKR. P. 1007(c). Further, Bankruptcy Rule 9006(b) provides that "when an act is required or allowed

to be done at or within a specified period . . . the court for cause shown may at any time in its discretion . . . order the period enlarged."

18. The Debtors respectfully submit that cause exists to extend the Debtors' time to file the Schedules and Statements beyond the Initial Deadline. The scope and complexity of the Debtors' businesses, coupled with the limited time and resources available to the Debtors to marshal the required information, necessitate an extension of the Initial Deadline. Given the size and complexity of the Debtors' operations, a significant amount of information must be accumulated, reviewed, and analyzed to properly prepare the Schedules and Statements. The Debtors and their professionals have been consumed with a multitude of critical administrative and operational decisions arising in conjunction with the commencement and early administration of these chapter 11 cases, including preparing for the Debtors' entry into chapter 11, and addressing multiple critical, operational and strategic matters. In addition, the Debtors have prepared and filed a number of motions and applications to ensure that the Debtors successfully prosecute these chapter 11 cases in a timely and efficient manner.

19. Moreover, due to the complexity of the Debtors' businesses and their history, compiling and consolidating the data required for the Schedules and Statements presents a complex and time-consuming task. Although the Debtors and their professionals have been working diligently on completing the Schedules and Statements as early as possible, it will be extremely challenging to complete this undertaking prior to the expiration of the Initial Deadline.

20. In light of the foregoing, an extension of the Initial Deadline for a total of sixty (60) days from the Petition Date, without prejudice to the Debtors' right to seek further extensions if necessary, is appropriate because the Debtors believe that this extension will provide the necessary time for the Debtors to complete accurate Schedules and Statements.

21.  Courts in this and other jurisdictions have granted similar relief in other cases. See, e.g., In re Avaya Inc., Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Feb. 10, 2017) (granting an additional 47 days to file schedules and statements); In re Personal Communications Devices, LLC, Case No. 13-74303 (AST) (Bankr. E.D.N.Y. Aug. 21, 2013) (granting an additional 31 days to file schedules and statements); In re Interfaith Medical Center, Inc., Case No. 12-48226 (CEC) (Bankr. E.D.N.Y. December 4, 2012) (granting an additional 45 days to file schedules and statements); In re Global Aviation Holdings Inc., Case No. 12-40783 (CEC) (Bankr. E.D.N.Y. Feb. 7, 2012) (same).

22.  For the foregoing reasons, the Debtors submit that the relief requested herein is necessary, appropriate, and in the best interest of the Debtors, their creditors and their estates and that the Motion should therefore be granted.

## NOTICE

23.  Notice of this Motion shall be provided to: (i) the Office of the United States Trustee for the Eastern District of New York; (ii) the United States Attorney for the Eastern District of New York; (iii) the parties included on the Debtors' consolidated list of thirty (30) largest creditors; (iv) all Secured Creditors, (v) all other parties required to receive service under Rules 2002-2 of the Local Bankruptcy Rules for the Eastern District of New York and the Guidelines for First Day Motions adopted by the Board of Judges for the United States Bankruptcy Court for the Eastern District of New York. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached hereto as **Exhibit A**, and (iii) grant such other and further relief as the Court may deem proper.

Dated: September 16, 2018
       New York, New York

Respectfully submitted,

**ZEICHNER ELLMAN & KRAUSE LLP**

/s/Nathan Schwed
Nathan Schwed
Peter Janovsky
Robert Guttmann
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 223-0400
Facsimile: (212) 753-0396
*Proposed Counsel to the Debtors and Debtors in Possession*

980281

**EXHIBIT A**

**PROPOSED ORDER**

Nathan Schwed, Esq.
Peter Janovsky, Esq.
Robert Guttmann, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone:(212) 223-0400
Facsimile: (212) 753-0396

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Blue Gold Equities LLC, *et al.*, | Case No.: 18-_____ (____) |
| Debtors.[1] | Joint Administration Requested |

**ORDER (i) AUTHORIZING THE DEBTORS TO MAINTAIN AND FILE A CONSOLIDATED CREDITOR MATRIX AND MAILING MATRIX; (ii) AUTHORIZING THE FILING OF A CONSOLIDATED LIST OF TOP 30 UNSECURED CREDITORS; (iii) AUTHORIZING THE DEBTORS CONTINUE USE OF THEIR PRE-PETITION FORMS, AND (iv) EXTENDING THE TIME FOR THE DEBTORS TO FILE THEIR SCHEDULES AND STATEMENTS WITH THE COURT THROUGH <u>SIXTY (60) DAYS FROM THE PETITION DATE</u>**

This matter coming before the court on the Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Maintain and File a Consolidated Creditor Matrix; and (II) Authorizing the Filing of a Consolidated List of Top 30 Unsecured Creditors (the "Motion"), filed by the above-captioned debtors (collectively, the "Debtors"); (iii) Authorizing the Debtors to

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Blue Gold Equities LLC (7766), Central Avenue Market LLC (7961), Amsterdam Avenue Market LLC (7988), Wilmot Road Market LLC (8020), Seasons Express Inwood LLC (1703), Seasons Lakewood LLC (0295), Seasons Maryland LLC (1895), Seasons Clifton LLC (3331), Seasons Cleveland LLC (7367), Lawrence Supermarket LLC (8258), Upper West Side Supermarket LLC (8895) and Seasons Corporate LLC (2266) (collectively the "<u>Debtors</u>"). The mailing address for the Debtors, solely for purposes of notices and communications, is: 5 Doughty Boulevard, Inwood, NY 11096.

Continue their use of their Prepetition Forms as defined below, and (iv) Extending the time for the Debtors to file their Schedules and Statements through sixty (60) days from the petition Date, all as further described in the Motion; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion being adequate and appropriate under the particular circumstances; the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at the hearing; after due deliberation, and good and sufficient cause having been shown,

1. The Motion is GRANTED as set forth in this Order.

2. The Debtors shall be permitted to maintain (through their claims and noticing agent or otherwise) and file a single, consolidated mailing matrix of creditors and other parties-in-interest (the "Consolidated Creditor Matrix"), which matrix shall be deemed to satisfy the requirements of section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a) and Local Rules 1007-1 and 1007-3.

3. The Debtors are authorized to file the Consolidated Creditor Matrix in substantially the same format that is currently maintained by the Debtors in the ordinary course of their business and to omit any claim amounts therefrom.

4. The Debtors shall be permitted to file a consolidated list of the top 30 unsecured creditors (the "Consolidated Top 30 List"). The Consolidated Top 30 List shall be deemed to satisfy the requirements of Bankruptcy Rule 1007(d) and the Guidelines for each of the Debtors.

5. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors shall have sixty (60) days from the Petition Date, through and including November ___, 2018, to file their Schedules and Statements with the Court.

7. This Order is without prejudice to the Debtors' right to seek further extensions of time within which the Debtors must file their Schedules and Statements.

8. The Debtors are authorized to continue to use their existing checks and other business forms, which checks and business forms shall not be required to include the legend "Debtor in Possession" or a debtor in possession case number; provided, however, that, respect to checks or other business forms that the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend, and include the debtor in possession lead case number, on such items within ten (10) business days of the date of entry of this Final Order. However, if new checks and business forms are ordered, such checks and business forms shall be required to include the legend "Debtor in Possession" and a "debtor in possession case number." Third-party payroll and benefits administrators and providers are also authorized to prepare and issue checks on behalf of the Debtors, subject to the provisions of this paragraph.

9. The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: _____, New York
      September __, 2018

                                                HONORABLE _____
                                                UNITED STATES BANKRUPTCY JUDGE

980282